UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **CARLOS ESCARZA,** ) | |
| ) | |
| Plaintiff, ) | Case No. 1:20-cv-02341 |
| vs. ) | |
| ) | |
| **THE BANK OF NEW YORK MELLON** ) | **JURY TRIAL DEMANDED** |
| f/k/a The Bank of New York, as Trustee for ) | |
| CWHEQ Inc., Home Equity Loan Asset ) | |
| Backed Certificates, Series 2006-S10**;** ) | |
| **SPECIALIZED LOAN SERVICING LLC**; ) | |
| and **McCALLA RAYMER LEIBERT** ) | |
| **PIERCE, LLC,** ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiff, Carlos Escarza, through counsel, for his complaint against defendants, The Bank of New York Mellon, f/k/a The Bank of New York, as Trustee for CWHEQ Inc., Home Equity Loan Asset Backed Certificates, Series 2006-S10**;** Specialized Loan Servicing LLC, and McCalla Raymer Leibert Pierce, LLC**,** states:

### NATURE OF THE CASE

1. Plaintiff's mortgagee, its servicer and their attorneys, have unlawfully attempted to collect a debt barred by Illinois' statute of limitations, have filed a wrongful foreclosure and have engaged in conduct which violates the Fair Debt Collection Practices Act. Plaintiff brings this action to seek redress in this Court for defendants' conduct and to recover actual damages, statutory damages, and attorney's fees and costs.

1

## BACKGROUND FACTS

2. Plaintiff, Carlos Escarza ("Plaintiff"), owns the home located at and commonly known as 2454 West Foster Ave., Unit 1W, Chicago, Illinois 60625 (the "Home").

3. In order to obtain money for personal, family and household purposes, on November 30, 2006, Plaintiff borrowed money and executed a note in the amount of $77,033.00 payable to Countrywide Bank, N.A. (the "Note"). To secure payment of that Note, Plaintiff granted a contemporaneous mortgage lien on his Home (the "Mortgage"). The Note and Mortgage are collectively referred to herein as the "Loan." A copy of the Loan is attached as ***Exhibit 1***.

4. Plaintiff occupied the Home as a residence for himself and his family.

5. The Bank of New York Mellon, f/k/a The Bank of New York, as Trustee for CWHEQ Inc., Home Equity Loan Asset Backed Certificates, Series 2006-S10 ("BONY"), is the present owner of the Loan.

6. Defendant Specialized Loan Servicing LLC ("SLS"), is a mortgage loan servicer and at all times relevant here serviced the Loan as the mortgage loan servicer and agent for BONY.

7. Defendant McCalla Raymer Leibert Pierce, LLC ("MRLP") is an Illinois limited liability company whose members are engaged in the practice law in Illinois.

8. At all times relevant here, MLRP acted as the agent and attorney for BONY and SLS.

9. Plaintiff is a "consumer" as that term is defined by applicable federal and state statutes. Plaintiff is a natural person from whom BONY, SLS and MRLP sought to collect a debt incurred for personal, family, or household purposes. Here the debt was alleged to have been a note secured by a mortgage and the purpose was to finance debt on a personal residence.

10. SLS is a "mortgage servicer" and "service provider" as each term is defined by applicable statutes and regulations.

11. SLS is a "debt collector" as defined by the FDCA, 15 U.S.C. §1692(a)(6) because it regularly collects debts owed to others. SLS became the servicer for the Loan after it was alleged to have been in default. SLS is an agent of BONY.

12. MRLP is a "debt collector" as defined by the FDCA, 15 U.S.C. §1692(a)(6), because it regularly collects debts owed to others. MRLP is engaged in the business of collecting debts on behalf of others. Here, MRLP acted at all relevant times as the debt collector for BONY and SLS, attempting to collect the Loan from Plaintiff.

13. SLS and MRLP regularly use the mail to collect debts.

## JURISDICTION AND VENUE

14. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 as this action arises the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA").

15. Venue lies in this District pursuant to 28 U.S.C. §1391(b) as a substantial part of the events or omissions giving rise to the claims asserted herein occurred, or a substantial part of property that is the subject of the action, is in this District. The Home is in this District and the conduct complained of took place in this District.

## SUMMARY OF CLAIMS

16. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with attempts to collect a debt.

17. Plaintiff asserts claims against each defendant for multiple violations of the FDCPA

## ADDITIONAL FACTS

18. In 2009, Plaintiff encountered financial difficulties and could no longer pay the Loan. He defaulted in his obligations as of November 1, 2009.

19. Plaintiff made no payment on the Loan at any time subsequent to November 1, 2009.

20. On December 31, 2019, MLRP, acting as attorneys and agents of SLS and BONY, filed its Complaint to Foreclose Mortgage ("Foreclosure Complaint") against Plaintiff in the Circuit Court of Cook County, Illinois. A copy of the Foreclosure Complaint is attached as ***Exhibit 2.***

21. In the Foreclosure Complaint, BONY, SLS and MLRP allege the Loan is in default "for November 2009 through present…" *Id*. at ¶ 3(l).

22. In the Foreclosure Complaint, BONY, SLS and MLRP seek to collect the Loan from Plaintiff through foreclosure and seek to sell the Home at public auction.

23. The Foreclosure Complaint and summons were subsequently served on Plaintiff at his Home.

## ILLINOIS LAW BARS COLLECTION OF THE LOAN

24. Section 13-206 of the Illinois Code of Civil Procedure states in relevant part:

> 'Except as provided in Section 2-725 of the "Uniform Commercial Code" [810 ILCS 5/2-725], actions on bonds, promissory notes, bills of exchange, written leases, written contracts, or other evidence of indebtedness in writing…shall be commenced within 10 years next after the cause of action accrued…An action to enforce a demand promissory note is barred if neither principal nor interest on the demand promissory note has been paid for a continuous period of 10 years and no demand for payment has been made to the maker during that period."

735 ILCS 5/13-206.

4

25. Under [735 ILCS 5/13-206], a plaintiff can commence a suit for breach of contract any time within 10 years next after the cause of action accrued. *Luminall Paints, Inc. v. La Salle Nat'l Bank*, 220 Ill. App. 3d 796, 801.

26. A cause of action accrues when facts exist that authorize one party to maintain an action against another; thus the moment a creditor may legally demand payment the statute of limitations begins to run, because at that moment a cause of action has actually accrued. *Beynon Bldg. Corp. v. National Guardian Life Ins. Co.* 118 Ill. App. 3d 754, 762, citing to *Mazur v. Stein* (1942), 314 Ill. App. 529, 534. "Even when an obligation is payable by installments and the statute of limitations runs against each installment when due, an action to determine the existence of the right under the contract is distinct as regards the commencement of the period of limitations, and the statute of limitations begins to run when the party first has the power to make the demand." *Id.* citing to *Brehm v. Sargent & Lundy* (1978), 66 Ill. App. 3d 472, 474. Likewise, a plaintiff cannot delay running of the statute of limitations by postponing the time of demand upon the proper party. *Luminall Paints, Inc. v. La Salle Nat'l Bank*, 220 Ill. App. 3d 796, 801-802, citing to *Brehm v. Sargent & Lundy* (1978), 66 Ill. App. 3d 472.

27. The ten year period following the November 1, 2009 default expired before the Foreclosure Complaint was filed on December 31, 2019.

## DAMAGE TO PLAINTIFF

28. Upon being served with the Foreclosure Complaint, Plaintiff suffered great emotional distress. He became angry and was constantly frustrated because he knew that over ten years had gone by and that the Loan could no longer be collected.

29. Plaintiff was embarrassed that a public record of the Foreclosure Complaint now existed and feared that his family, neighbors, friends and colleagues at work would learn of the filing and hold him in low esteem.

30. The Foreclosure complaint is a public record, a scarlet letter if you will, that cannot be erased and will forever haunt Plaintiff in his future endeavors.

31. During the weeks following the service of the Foreclosure Complaint, plaintiff suffered many sleepless nights, became agitated, could not focus on work and could not enjoy the normal comforts of life and his Home.

32. Finally, in February 2020, Plaintiff put aside his anxiety, fear and embarrassment and sought the advice of attorneys.

33. Plaintiff retained counsel to represent him in the Foreclosure Case and to help him seek redress by filing the instant action.

34. Plaintiff's counsel appeared in the Foreclosure Case and filed a motion to dismiss the case pursuant to 735 ILCS 5/2-619 ("Motion to Dismiss") asserting that the action was barred by Illinois' ten year statute of limitations for actions on promissory notes, 735 ILCS 5/13-206.

35. Plaintiff paid counsel a flat fee of $4,750.00 for filing fees and attorney fees and costs to consult with him, to review his records regarding the Loan and to have those attorneys appear and defend the Foreclosure Case.

36. Additionally, Plaintiff has incurred filing fees and attorney fees and costs to consult with attorneys and to have those attorneys bring the instant action.

37. The actions of BONY, SLS and MLRP have further caused Plaintiff to remain in foreclosure, which has caused continued damage to Plaintiff's credit and an unnecessary delay to Plaintiff's rehabilitation of his credit.

38. The actions of BONY, SLS and MLRP have caused Plaintiff to incur actual damages including time off work, travel expenses to and from his attorney's office, filing fees, attorneys' fees to defend the Foreclosure Case, and the preparation and prosecution of this action.

## COUNT ONE

### [MULTIPLE VIOLATIONS OF THE FDCPA]

39. Plaintiff restates and incorporates all of his statements and allegations contained in paragraphs 1 through 39.

40. 15 U.S.C. 1692e provides in relevant part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (2) The false representation of–
>
> (A) the character, amount, or legal status of any debt; . . .
>
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .

41. 15 U.S.C. 1692f provides in relevant part:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. . . .

42. SLS and MLRP violated §1692e(2)(A) by filing the Foreclosure Complaint and therein falsely represented the character of the Loan as being a deb that could be collected through foreclosure and sale. This allegation falsely represented the legal status of the Loan.

43. Because the FDCPA prohibits debt collectors from misrepresenting the legal status

of a debt and from seeking to collect amounts not permitted by law, courts have held that a debt collector violates the Act when it sues a consumer for legally unattainable relief.

44. SLS and MLRP violated §1692e(5) by filing the Foreclosure Complaint and therein falsely representing that they could foreclose and sell the Home due to the alleged default. Moreover, the "deemed allegations" found in 735 ILCS 5/15-1504(c)(7), (c)(12) and (e)(6) were also false and sought legally unobtainable relief. These are actions that cannot legally be taken against a borrower on a debt which is barred by the applicable statute of limitations.

45. SLS and MLRP violated §1692e(10) by filing the Foreclosure Complaint and therein seeking to collect the Loan and fees and charges which it was not entitled to collect. Filing of a foreclosure action to collect a debt which is barred by the statute of limitations is deceptive.

46. Plaintiff suffered actual damages as set forth *infra*.

47. BONY is vicariously liable for the actions of SLS and MLRP which were taken with its knowledge and at its direction.

**WHEREFORE,** the Plaintiff prays for the entry of judgment in his favor and against BONY, SLS and MLRP, as follows:

A. For Statutory damages of up to $1,000.00 for each violation of the FDCPA;

B. For actual damages, all costs and reasonable attorney fees; and

C. For all other relief this Court may deem just and proper.

###

## JURY DEMAND

Plaintiff, Carlos Escarza, hereby respectfully demands a trial by jury on all claims.

*Respectfully submitted,*

**CARLOS ESCARZA**

*/s/ Rusty A. Payton*
Rusty A. Payton
PAYTON LEGAL GROUP
20 North Clark Street
Suite 3300
Chicago, Illinois 60602
(773) 682-5210
info@payton.legal
Luke P. Wiley
WILEY LAW GROUP, LLC
55 E. Monroe St. Suite 3800
Chicago, Illinois 60603
(815) 685-4203
lukewiley@wileylaw.net

*Counsel for Plaintiff*