IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CARLOS ESCARZA,<br><br>    PLAINTIFF,<br><br>    v.<br><br>THE BANK OF NEW YORK MELLON f/k/a The Bank of New York, as Trustee for CWHEQ Inc., Home Equity Loan Asset Backed Certificates, Series 2006-S10, SPECIALIZED LOAN SERVICING LLC and MCCALLA RAYMER LEIBERT PIERCE, LLC,<br><br>    DEFENDANTS. | Case No. 20 CV 02341<br><br>Judge: Honorable Marvin E. Aspen<br><br>Magistrate Judge: Honorable Sidney I. Schenkier |

## MEMORANDUM OF LAW
## IN SUPPORT OF THE MOTION TO DISMISS PLAINTIFF'S COMPLAINT

### INTRODUCTION

Plaintiffs filed a cause of action against McCalla Raymer Leibert Pierce, LLC (hereinafter "MRLP"), for alleged violations of the Fair Debt Collection Practices Act ("FDCPA").

Plaintiff claims MRLP is liable for damages under the FDCPA for attempting to collect upon a purported time-barred debt. See Complaint, filed separately as Document #1, but incorporated herein by reference. This cause must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure of Plaintiff to state a cause of action upon which relief can be granted because the debt is not time-barred.

### STATEMENT OF FACTS

On November 30, 2006, Carlos Escarza, executed a demand promissory note in the amount of $77,033.00 and a mortgage secured by the real property located at 2454 West Foster Avenue, Unit 1W, Chicago, IL 60625. See, Complaint, Exhibits 1 and 2. No other individuals executed

the note or the mortgage. Carlos Escarza failed to make each of the payments when due on the loan and the loan is due for the November 1, 2009 payment. The note, which contains an optional acceleration clause, was not declared to be in default until April 16, 2019. On December 31, 2019, THE BANK OF NEW YORK MELLON f/k/a The Bank of New York, as Trustee for CWHEQ Inc., Home Equity Loan Asset Backed Certificates, Series 2006-S10 accelerated the loan when it filed its Complaint to Foreclose Mortgage, stylized as Cook County Case No. 2019 CH 15101.

## ARGUMENT

Rule 12(b)(6) allows for dismissal for failure of the pleader to state a claim upon which relief can be granted. *Cannon v. Loyola University of Chicago*, 787 F.2d 777, 780. To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, (2009) (quoting *Bell. Atl. Corp. v. Twombly,* 550 U.S. 544, 555, (2007)).

When reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court accepts all well-pled factual allegations in the plaintiff's complaint as true and draws all reasonable inferences in the plaintiff's favor. *Gustafson v. Adkins,* 803 F.3d 883, 888 (7th Cir.2015). Although the court must accept as true all factual allegations in the complaint, it need not accept the pleader's legal conclusions as true. *Iqbal,* 556 U.S. at 678.

**I.** **Statute of Limitations**

    A. <u>An action on a Demand Promissory Note must be filed within 10 years of the Demand for Payment; not 10 years of missed payment.</u>

Plaintiff correctly identifies that 735 ILCS 5/13-206 contains the applicable statute of limitations, however, the Plaintiff's conclusion that the Foreclosure Plaintiff attempted to collect upon a time-barred debt is erroneous because Plaintiff does not account for the impact of the 1997 amendment which added the second, third and fourth sentences to Section 5/13-206. In 1997 the

Illinois General Assembly passed amendments to both the Illinois Code of Civil Procedure and the Illinois Uniform Commercial Code ("IUCC") that specifically transferred the relevant statute of limitations for causes of action on negotiable promissory notes from section 3-118 of the IUCC to section 13-206 of the Code. See, *Fifth Third Bank v. Brazier*, 2019 IL App (1st) 190078, ¶ 17, citing *Sadler v. Service*, 406 Ill. App. 3d 1063, 1066-68 (2011). Furthermore, when two statute of limitations arguably apply to the same cause of action, the limitations period "that more specifically relates to the action must be applied." *Id.*, quoting, *Newell v. Newell*, 406 Ill. App. 3d 1046. 1049 (2011).

The amendment to 735 ILCS 5/13-206 changed the Statute of Limitations for Demand Promissory Notes as follows:

> Sec. 13-206. Ten year limitation. Except as provided in Section 2-725 of the "Uniform Commercial Code", actions on bonds, promissory notes, bills of exchange, written leases, written contracts, or other evidences of indebtedness in writing, shall be commenced within 10 years next after the cause of action accrued; but if any payment or new promise to pay has been made, in writing, on any bond, note, bill, lease, contract, or other written evidence of indebtedness, within or after the period of 10 years, then an action may be commenced thereon at any time within 10 years after the time of such payment or promise to pay. **[A>** FOR PURPOSES OF THIS SECTION, WITH REGARD TO PROMISSORY NOTES DATED ON OR AFTER THE EFFECTIVE DATE OF THIS AMENDATORY ACT OF 1997, A CAUSE OF ACTION ON A PROMISSORY NOTE PAYABLE AT A DEFINITE DATE ACCRUES ON THE DUE DATE OR DATE STATED IN THE PROMISSORY NOTE OR THE DATE UPON WHICH THE PROMISSORY NOTE IS ACCELERATED. WITH RESPECT TO A DEMAND PROMISSORY NOTE DATED ON OR AFTER THE EFFECTIVE DATE OF THIS AMENDATORY ACT OF 1997, IF A DEMAND FOR PAYMENT IS MADE TO THE MAKER OF THE DEMAND PROMISSORY NOTE, AN ACTION TO ENFORCE THE OBLIGATION OF A PARTY TO PAY THE DEMAND PROMISSORY NOTE MUST BE COMMENCED WITHIN 10 YEARS AFTER THE DEMAND. AN ACTION TO ENFORCE A DEMAND PROMISSORY NOTE IS BARRED IF NEITHER PRINCIPAL NOR INTEREST ON THE DEMAND PROMISSORY NOTE HAS BEEN PAID FOR A CONTINUOUS PERIOD OF 10 YEARS AND NO DEMAND FOR PAYMENT HAS BEEN MADE TO THE MAKER DURING THAT PERIOD. **<A]** (Source: P.A. 82-280.)

P.A. 90-451, effective January 1, 1998. [Emphasis in original]. The amendment materially affected when a Plaintiff may file a cause of action as it states that a plaintiff may file suit within

10 years of the date of the demand for payment. There is no requirement in the Statute that mandates the Plaintiff file suit within 10 years of the first missed payment. 735 ILCS 5/13-206 as amended in 1997 provides that an action is not barred unless there was no payment for principal or interest made within the last 10 years **and** no demand for payment was made during that 10 year period. See, 735 ILCS 5/13-206. [Emphasis Added]. The amendment does not set a time limitation for when the holder of a demand promissory note must make a demand upon the unpaid obligation. See, 735 ILCS 5/13-206. The lone limitation in the statute with respect to a demand promissory notes is that the action upon a demand promissory note must be filed within 10 years of the date of the demand for payment. See, 735 ILCS 5/13-206.

In Illinois, "[w]here the language of a statute is clear and unambiguous, a court must give it effect as written, without 'reading into it exceptions, limitations or conditions that the legislature did not express.'" *Quadrangle House Condominium Ass'n v. United States Bank, N.A.*, 2018 IL App (1st) 171713, ¶ 15. The Illinois Supreme Court has repeatedly held, a reviewing court cannot, "'under the guise of statutory interpretation, 'correct' an apparent legislative oversight by rewriting a statute in a manner inconsistent with its clear and unambiguous language.'" *People v. McClure*, 218 Ill. 2d 375, 388, (2006), quoting, *People v. Pullen*, 192 Ill.2d 36 (2000).

To determine whether the underlying Note is subject to the general 10 year statute of limitation period as suggested by the Plaintiff or the specific provision for demand promissory created in 1997, requires a review of the Note. The Note was executed on November 30, 2006, which was after the effective date of the Amendatory Act and thus this Note is subject to the Act as amended.

The next question to be resolved is whether the Note is a Demand Promissory Note. This question is resolved in the affirmative by the IUCC. The pertinent provision of the IUCC provides

that: "If an instrument, payable at a fixed date, is also payable upon demand made before the fixed date, the instrument is payable on demand until the fixed date and, if demand for payment is not made before that date, becomes payable at a definite time on the fixed date." 810 ILCS 5/3-108(c). The Note at issue is a Demand Promissory Note under as defined by 810 ILCS 5/3-108(c) because the demand was made upon the note prior to maturity date or the fixed payment date of December 1, 2031.

Moreover, the Note has a specific type of demand feature; it has an ***optional*** acceleration clause, which does not automatically accelerate the loan in the event a monthly payment is not remitted timely. "Under Illinois law, courts interpret the word "'may" as permissive and "shall" as mandatory." *Bem I, L.L.C. v. Anthropologie, Inc.,* 2000 U.S. Dist. LEXIS 8966, 2000 WL 816789 at *8 (N.D. Ill. Jun 22, 2000) *aff'd* by 301 F.3d 548 (7th Cir. 2002). See also, *Assocs. Asset Mgmt., LLC v. Cruz*, 2019 IL App (1st) 182678, ¶25.

The First District analyzed the optional acceleration clause and determined that the clause provides the noteholder with the discretion as to when it sends the notice of default. *Cruz*, 2019 IL App (1st) 182678, ¶25. Specifically, the court held that:

> [t]he note holder is not required to send a section 4(B) notice; concomitantly, the note holder is not required to try and collect any outstanding debt. The note holder *may* forbear pursuing its rights in case of nonpayment. But considering the note as a whole, as we must (*Salce*, 409 Ill. App. 3d at 981), it is apparent that if the note holder wishes to declare default [] the only contractual mechanism for doing so is by following the procedure set forth in sections 4(B) and (C).

*Assocs. Asset Mgmt., LLC v. Cruz*, 2019 IL App (1st) 182678, ¶25. The court stated the borrower is not in default upon the note until the note holder sends the notice *and* the borrower fails to pay the amount due within the allotted time. *Id*. at 24. It further held there is no alternative procedure to declare a default in the note. *Id*.

The Note at issue herein states in pertinent part that: "If [ ] [the borrower] do[es] not pay the full amount of each monthly payment on time, the Note Holder *may* send [the borrower] a written notice telling [the borrower] that if [the borrower] do[es] not pay the overdue amount by a date certain [the borrower] will be in default," and :" If [ ] [the borrower] do[es] not pay the overdue amount by the date stated in the notice describe in (B) above, [] [then the borrower] will be in default." See, Note, ¶ 4(B) and (C) [Emphasis added]. Therefore, the use of the word "may" in the acceleration clause vests the Noteholder with the discretion to determine when to accelerate the loan and provides that the borrower is not in default until after the lender sends notice.

Optional acceleration clauses are designed for the benefit of the creditor because the optional acceleration clause does not self-execute. This is to the creditor's benefit with respect to a statute of limitations because until the loan is accelerated, each subsequent missed payment will have its own limitations period. *Thread & Gage Co. v. Kucinski*, 116 Ill. App. 3d 178, 184 (1st Dist. 1983).

> Where the creditor has the option of declaring all installments payable in the event of default on a single payment, and the creditor fails to exercise the option when the debtor defaults, the rule that each installment carries its own limitation still applies. It is only where the acceleration provision of the contract provides that payment of the entire debt upon default is automatic, or where the acceleration provision is optional and the creditor unequivocally exercises the option, that a different rule might apply.

*Thread & Gage Co. v. Kucinski*, 116 Ill. App. 3d 178, 184 (1st Dist. 1983).

More recently, the *Sigler* Court explained that:

> However, there is a "different rule" in situations "where the acceleration provision of the contract provides that payment of the entire debt upon default is automatic, or where the acceleration provision is optional and the creditor unequivocally exercises the option; it is sometimes held in those instances that the statute of limitations begins to run immediately upon default." *Kucinski*, 116 Ill. App. 3d at 184-85 (citing 18 Samuel Williston, A Treatise on the Law of Contracts § 2027 (3d ed. 1978), and 4 Corbin on Contracts § 951 (1951)); see 735 ILCS 5/13-206 (West 2008) ("[A] cause

of action on a promissory note payable at a definite date accrues on the due date or date stated in the promissory note or the date upon which the promissory note is accelerated ***.").

*Deutsche Bank Trust Co. Americas v. Sigler*, 2020 IL App (1st) 191006, ¶ 42.

The court explained that a loan is not deemed accelerated until the lender invokes the acceleration clause by both sending a demand for payment **and** by filing of the complaint. See, *Id*. at 43. The court concluded that the monthly obligation to pay each installment due under the note does not merge into a single obligation until *after* the acceleration clause was invoked **and** the foreclosure action was filed. *Id*. at 53.

As established above, the Note at issue is a Demand Promissory Note per 810 ILCS 5/3-108(c) because it contained a demand feature that was exercised prior to the Note's maturity date. Furthermore, because the demand clause in the Note was optional, acceleration of the loan was not automatic. The lender exercised its discretion to delay the declaration of default until April 16, 2019 and affirmatively accelerated the loan less than one year after sending notice of the default. Thus the foreclosure action is a timely filed "action to enforce the obligation of a party to pay the demand promissory note must be commenced within 10 years after the demand." 735 ILCS 5/13-206. See further, *Assocs. Asset Mgmt., LLC*, 2019 IL App (1st) 182678.

The Noteholder was within its contractual right to not declare the entire balance due while the borrower continued to miss payments each month. Here, the right of action did not accrue until the Noteholder exercised its option to declare the loan in default by issuing a demand for payment on April 16, 2019. Once the Noteholder issued its demand for payment, it had 10 years to file suit to enforce its rights and the limitations period does not expire until April 16, 2029. As the Foreclosure Action was filed in 2019, it is timely filed. Therefore, because Plaintiff's cause of action is entirely predicted upon the erroneous conclusion that the debt is time-barred, which this

court need not and cannot accept as true, Plaintiff's complaint fails to state a plausible cause of action and must be dismissed.

      B.      <u>Action on a Foreclosure must be filed within 10 years of the date of accrual.</u>

The Illinois Code of Civil Procedure provides that a foreclosure action must be filed with 10 years after the right of action accrues. 735 ILCS 5/13-115. The Illinois Supreme Court stated that an action to foreclosure upon "a mortgage will not be barred until the debt is barred." *Livingston v. Meyers*, 6 Ill. 2d 325, 331 (1955).

Although the Plaintiff made no mention of the statute of limitations for a mortgage foreclosure, the underlying foreclosure action was timely filed under the Illinois Code of Civil Procedure because the right of action to file its foreclosure did not accrue until the Noteholder made a demand for payment. In addition the Illinois Supreme Court held that an action to foreclose upon a mortgage is not barred until a claim for the underlying debt is barred. See, *Meyers*, 6 Ill. 2d at 331. Thus, because an action on the promissory note is not barred, for the reasons stated above, it follows that an action on the mortgage is not barred.

## CONCLUSION

The Note at issue is subject to the 1997 amendments to the Illinois Code of Civil Procedure and Uniform Commercial Code; is a Demand Promissory Note as defined by 810 ILCS 5/3-108(c); and has an ***optional*** acceleration clause which allowed the Noteholder to delay making a demand for payment of the indebtedness. The Noteholder made its Demand for Payment on April 16, 2019, and that is the date which triggered the limitations period, which will not expire for another 9 years. Therefore, because the right to bring an action or actions upon the Note and accompanying Mortgage have not elapsed, Plaintiff's cause of action is predicated upon a false premise. Without its ability to rely upon the false premise that the debt is time-barred, the entire cause of action

against MRLP fails to state a cause of action and must be dismissed.

For the reasons stated above, Plaintiffs' claims against Pierce must be dismissed because Plaintiffs have not alleged facts to sustain a plausible cause of action.

WHEREFORE, Defendant, McCalla Raymer Leibert Pierce, LLC, respectfully requests that the Court dismiss Plaintiffs' Complaint against Pierce, with prejudice.

By: /s/Brian R. Merfeld
Brian R. Merfeld
Attorney for Defendant

Brian R. Merfeld (brian.merfeld@mccalla.com)
ARDC No. 6280615
McCalla Raymer Leibert Pierce, LLC
1 N. Dearborn, Suite 1200
Chicago, IL 60602
312-346-9088