| | |
|---|---|
| **CARLOS ESCARZA,** ) | |
| ) | Case No. 1:20-cv-02341 |
| Plaintiff, ) | |
| vs. ) | Hon. Marvin E. Aspen |
| ) | |
| **THE BANK OF NEW YORK MELLON** ) | |
| f/k/a The Bank of New York, as Trustee for ) | |
| CWHEQ Inc., Home Equity Loan Asset ) | |
| Backed Certificates, Series 2006-S10**;** ) | |
| **SPECIALIZED LOAN SERVICING LLC,** ) | |
| and **McCALLA RAYMER LEIBERT** ) | |
| **PIERCE, LLC,** ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFF'S JOINT RESPONSE TO MOTIONS TO DISMISS

Plaintiff, Carlos Escarza, through counsel, for his joint response to the motions [Dkts. 10 and 24] to dismiss filed by Defendants, The Bank of New York Mellon, f/k/a The Bank of New York, as Trustee for CWHEQ Inc., Home Equity Loan Asset Backed Certificates, Series 2006-S10**;** Specialized Loan Servicing LLC and McCalla Raymer Leibert Pierce, LLC**,** states:

### INTRODUCTION

This case presents the question of whether a mortgage holder, its servicer and their attorneys can file a foreclosure more than ten years after the date the borrower is alleged to be in default when the applicable Illinois statute of limitations commands that such causes of action be filed within ten years. Plaintiff contends the action is barred and the Complaint seeks to impose liability pursuant to the Fair Debt Collection Practices Act. No challenge is made to the allegations that Plaintiff is a consumer and Defendants are each debt collectors seeking to collect a consumer

debt through the filing of a foreclosure. Defendants' arguments address only the question of whether the conduct - filing a foreclosure against Plaintiff - is permissible under Illinois law. It is not.

## LEGAL STANDARD

The Supreme Court instructs that to survive a Rule 12(b)(6) motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). A claim satisfies this standard when its factual allegations "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555-56; *see, also, Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) ("[P]laintiff must give enough details about the subject- matter of the case to present a story that holds together."). All facts alleged by the plaintiff must be taken as true and all reasonable inferences from those facts must be made in the plaintiff's favor, although conclusory allegations that merely recite elements of a claim are not entitled to this presumption. *Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011). Because the focus of Rule 12(b)(6) motions is on the pleadings, they "can be based only on the complaint itself, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." (*Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012)). But a nonmovant has more flexibility, for it "may elaborate on [its] factual allegations so long as the new elaborations are consistent with the pleadings." (*Id*.). Evaluating whether a "claim is sufficiently plausible to survive a motion to dismiss is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* (quoting *McCauley v. City of Chicago,* 671 F.3d 611, 616 (7th Cir. 2011)). Plaintiff's Complaint far exceeds this standard.

## BACKGROUND FACTS

The facts are straightforward. Plaintiff, Carlos Escarza ("Plaintiff"), owns the home located at and commonly known as 2454 West Foster Ave., Unit 1W, Chicago, Illinois 60625 (the "Home"). In order to obtain money for personal, family and household purposes, on November 30, 2006, Plaintiff borrowed money and executed a note in the amount of $77,033.00 payable to Countrywide Bank, N.A. (the "Note"). To secure payment of that Note, Plaintiff granted a contemporaneous mortgage lien on his Home (the "Mortgage"). The Note and Mortgage are collectively referred to herein as the "Loan." A copy of the Loan is attached as Exhibit 1 to the Complaint. Plaintiff occupied the Home as a residence for himself and his family. The Bank of New York Mellon, f/k/a The Bank of New York, as Trustee for CWHEQ Inc., Home Equity Loan Asset Backed Certificates, Series 2006-S10 ("BONY"), is the present owner of the Loan. Defendant Specialized Loan Servicing LLC ("SLS"), is a mortgage loan servicer and at all times relevant here serviced the Loan as the mortgage loan servicer and agent for BONY. Defendant McCalla Raymer Leibert Pierce, LLC ("MRLP") is an Illinois limited liability company whose members are engaged in the practice law in Illinois. At all times relevant here, MLRP acted as the agent and attorney for BONY and SLS.

Plaintiff is a "consumer" as that term is defined by applicable federal and state statutes. Plaintiff is a natural person from whom BONY, SLS and MRLP sought to collect a debt incurred for personal, family, or household purposes. Here, the debt was alleged to have been a note secured by a mortgage and the purpose was to finance debt on a personal residence. SLS is a "mortgage servicer" and "service provider" as each term is defined by applicable statutes and regulations. SLS is a "debt collector" as defined by the FDCA, 15 U.S.C. §1692(a)(6) because it regularly collects debts owed to others. SLS became the servicer for the Loan after it was alleged to have

been in default. SLS is an agent of BONY. MRLP is a "debt collector" as defined by the FDCA, 15 U.S.C. §1692(a)(6), because it regularly collects debts owed to others. MRLP is engaged in the business of collecting debts on behalf of others. Here, MRLP acted at all relevant times as the debt collector for BONY and SLS, attempting to collect the Loan from Plaintiff. SLS and MRLP regularly use the mail to collect debts.

In 2009, Plaintiff encountered financial difficulties and could no longer pay the Loan. He defaulted in his obligations as of November 1, 2009. Plaintiff made no payment on the Loan at any time subsequent to November 1, 2009. The Loan has not been modified since then, nor were there any consensual workout agreements between the parties and with respect to the Loan since that time. On December 31, 2019, MLRP, acting as attorneys and agents of SLS and BONY, filed its Complaint to Foreclose Mortgage ("Foreclosure Complaint") against Plaintiff in the Circuit Court of Cook County, Illinois. A copy of the Foreclosure Complaint is attached as Exhibit 2 to the Complaint. In the Foreclosure Complaint, BONY, SLS and MLRP allege the Loan is in default "for November 2009 through present…" *Id*. at ¶ 3(l). In the Foreclosure Complaint, BONY, SLS and MLRP seek to collect the Loan from Plaintiff through foreclosure and seek to sell the Home at public auction. The Foreclosure Complaint and summons were subsequently served on Plaintiff at his Home.

## ARGUMENT

The parties agree that the applicable statute of limitations is found at Section 13-206 of the Illinois Code of Civil Procedure, which states in relevant part:

> "Except as provided in Section 2-725 of the "Uniform Commercial Code" [810 ILCS 5/2-725], actions on bonds, promissory notes, bills of exchange, written leases, written contracts, or other evidence of indebtedness in writing…shall be commenced within 10 years next after the cause of action accrued…An action to enforce a demand promissory note is barred if neither principal nor interest on the demand promissory note has been paid for a

> continuous period of 10 years and no demand for payment has been made to the maker during that period."

735 ILCS 5/13-206.

Under [735 ILCS 5/13-206], a plaintiff can commence a suit for breach of contract any time within 10 years next after the cause of action accrued. *Luminall Paints, Inc. v. La Salle Nat'l Bank*, 220 Ill. App. 3d 796, 801 (1st Dist. 1991). A cause of action accrues when facts exist that authorize one party to maintain an action against another; thus the moment a creditor may legally demand payment the statute of limitations begins to run, because at that moment a cause of action has actually accrued. *Light v. Light*, 12 Ill. 2d 502, 506 (1957), *Beynon Bldg. Corp. v. National Guardian Life Ins. Co.* 118 Ill. App. 3d 754, 762 (2d Dist. 1938), citing to *Mazur v. Stein*, 314 Ill. App. 529, 534 (1st Dist. 1942). "Even when an obligation is payable by installments and the statute of limitations runs against each installment when due, an action to determine the existence of the right under the contract is distinct as regards the commencement of the period of limitations, and the statute of limitations begins to run when the party first has the power to make the demand." *Id.* citing *Brehm v. Sargent & Lundy*, 66 Ill. App. 3d 472, 474 (1st Dist. 1978). Likewise, a plaintiff cannot delay running of the statute of limitations by postponing the time of demand upon the proper party. *Luminall Paints, Inc. v. La Salle Nat'l Bank*, 220 Ill. App. 3d 796, 801-802 (1st Dist. 1991), citing to *Brehm v. Sargent & Lundy*, 66 Ill. App. 3d 472 (1st Dist. 1978). The ten-year period following the November 1, 2009 default expired before the Foreclosure Complaint was filed on December 31, 2019.

The Note is a promissory note within the meaning of Section 13-206. The Note in question is dated after the 1997 amendment to Section 13-206, which added the following language:

> [A]ctions on . . . promissory notes . . . shall be commenced within 10 years next after the cause of action accrued; . . . For purposes of this Section, with regard to promissory notes dated on or after the effective date of this

amendatory Act of 1997, a cause of action on a promissory note payable at a definite date ***accrues on the due date or date stated in the promissory note or the date upon which the promissory note is accelerated***. With respect to a demand promissory note dated on or after the effective date of this amendatory Act of 1997, if a demand for payment is made to the maker of the demand promissory note, an action to enforce the obligation of a party to pay the demand promissory note must be commenced within 10 years after the demand.

735 ILCS 5/13-206 (West 2016)(Emphasis added).

The unmistakable import of this added language is that the cause of action on an installment note can accrue on any number of dates: the due date or the date stated in the note or the date the note is accelerated. Here, the Note was payable monthly and all parties concede that it was due for the November 2009 installment. When that installment was not paid, the cause of action arose and the ten year limitations period began to run. Yes, accrual of the cause of action could have also been triggered by a demand, acceleration or on the date stated in the note - all events occurring after the November 2009 default. Demand was not made until April 16, 2019, acceleration occurred either upon that date or upon the filing of the Foreclosure Case, and the date stated in the Note is December 1, 2031. The statute must be read such that the first date to occur triggers the statute of limitations, because to do otherwise would torture the meaning of the statute. If Defendants' arguments are accepted, the statute could be read to allow commencement of collection of the Note in November 2041 - ten years following the date stated in the Note and thirty-two years after the November 2009 payment was due and not paid. Or, if Defendants' proposition that acceleration is triggered upon the filing of the foreclosure complaint, then a lender could theoretically extend the statute in perpetuity by simply delaying the filing of foreclosure regardless of the date the borrower defaulted in payment. These absurdities illustrate that the various dates for accrual of a cause of action must be read in the disjunctive with accrual occurring

on the earliest of any of the specified dates - here, the date the November 2009 payment became due and was unpaid.

A limitations period begins when facts exist which authorize one party to maintain an action against another. *Kozasa v. Guardian Electric Manufacturing Co.,* 99 Ill.App.3d 669, 673 (1st Dist. 1981); see also *Brehm v. Sargent & Lundy,* 66 Ill.App.3d 472 (1st Dist. 1978) (the statute of limitations began to run when the plaintiff first had the power to assert the legal claim). In *Pfeifer v. Bell & Howell Co.*, 53 Ill. App.3d 26, 27 (1st Dist. 1977), the Court writes:

> "Statutes of limitations are statutes of repose, designed to prevent recovery on stale demands. (*Mosley v. Michael Reese Hospital* (1964), 49 Ill. App.2d 336, 199 N.E.2d 633.) The purpose attendant to such statutes is not to shield a wrongdoer (*Tom Olesker's Exciting World of Fashion, Inc. v. Dun and Bradstreet, Inc.* (1975), 61 Ill.2d 129, 334 N.E.2d 160), but is to provide the defendant with a sufficient opportunity to investigate the factors upon which his liability may be based while such evidence is still ascertainable. (*Halberstadt v. Harris Trust & Savings Bank* (1973), 55 Ill.2d 121, 302 N.E.2d 64.) Thus, the time limits imposed by these statutes require diligence in the initiation of actions before the facts upon which the suit has been based become obscure by reasons of lapse of time, the defective memory of witnesses, or the death or removal of witnesses. (*Isham v. Cudlip* (1962), 33 Ill. App.2d 254, 179 N.E.2d 25.) * * *."

The very essence of a statute of limitations would be wholly defeated if Defendants' arguments are accepted. Defendants could defer the filing of an action to collect the Note into perpetuity, after all, BONY and SLS suggest that the ten year statute does not begin to run until acceleration which they say occurs upon the filing of a complaint to foreclose, an event which they alone can time to their advantage. Similarly, MLRP posits that the statute only begins to run upon demand, again, an event the timing of which is solely in control of the lender. Could the lender be permitted to wait just shy of ten years from a payment default, make its demand and then wait another ten years to commence suit? Surely such an absurd result would make a mockery of the notion of repose. The court in *Brehn* flatly rejected this notion, stating: "it is well established that a cause of action accrues when a suit first may be maintained thereon ... and the plaintiff cannot

delay the running of the statute by postponing the time of demand upon the proper person. *Brehm*, 611 Ill.App. 3d at 475 (internal citations omitted).

Defendants' right to commence suit first arose when Plaintiff is alleged to have failed to pay the November 2009 payment on the Note. By waiting until ten years after that default, Defendants lost their rights to enforce the Note and by filing the Foreclosure Case, they violated the FDCPA.

## CONCLUSION

Defendants' motions are not well founded. The Complaint states a cause of action. The Court should deny the motions to dismiss and grant such other and further relief as is deemed appropriate.

Dated: September 4, 2020                          *Respectfully submitted,*

                                                 **CARLOS ESCARZA**

                                                 */s/ Rusty A. Payton*
                                                 Rusty A. Payton
                                                 PAYTON LEGAL GROUP
                                                 20 North Clark Street
                                                 Suite 3300
                                                 Chicago, Illinois 60602
                                                 (773) 682-5210
                                                 info@payton.legal

                                                 Luke P. Wiley
                                                 WILEY LAW GROUP, LLC
                                                 55 E. Monroe St. Suite 3800
                                                 Chicago, Illinois 60603
                                                 (815) 685-4203
                                                 lukewiley@wileylaw.net

                                                 *Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I certify that on September 4, 2020, a copy of the foregoing Plaintiff's Joint Response to Motions to Dismiss was served via electronic means on:

Brian R. Merfeld
MᴄCᴀʟʟᴀ Rᴀʏᴍᴇʀ Lᴇɪʙᴇʀᴛ Pɪᴇʀᴄᴇ, LLC
1 N. Dearborn Street, Suite 1200
Chicago, IL 60602
brian.merfeld@mccalla.com

*Counsel for McCalla Raymer Leibert Pierce, LLC*

Raseq Moizuddin
Hᴏʟʟᴀɴᴅ & Kɴɪɢʜᴛ LLP
150 North Riverside Plaza, Suite 2700
Chicago, IL 60606
raseq.moizuddin@hklaw.com

*Counsel for The Bank of New York Mellon and Specialized Loan Servicing, LLC*

By: /s/ *Rusty A. Payton*