UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CARLOS ESCARZA, </br></br> Plaintiff, </br></br> v. </br></br> THE BANK OF NEW YORK MELLON f/k/a The Bank of New York, as Trustee for CWHEQ Inc., Home Equity Loan Asset Backed Certificates, Series 2006-S10; SPECIALIZED LOAN SERVICING LLC; and McCALLA RAYMER LEIBERT PIERCE, LLC, </br></br> Defendants. | No. 1:20 CV 02341 </br> Hon. Marvin E. Aspen |

**MEMORANDUM OPINION & ORDER**

MARVIN E. ASPEN, District Judge:

Plaintiff Carlos Escarza sued Defendants The Bank of New York Mellon, f/k/a The Bank of New York, as Trustee for CWHEQ Inc., Home Equity Loan Asset Backed Certificates, Series 2006-S10 ("BONY"), Specialized Loan Servicing LLC ("SLS"), and McCalla Raymer Leibert Pierce, LLC ("McCalla"), under the Fair Debt Collection Practices Act ("FDCPA") for filing a foreclosure action against him that was barred by the Illinois statute of limitations. (Complaint ("Cmplt.") (Dkt. No. 1) ¶¶ 40–47.)

Defendants have fully briefed motions to dismiss Plaintiff's complaint. Resolution of these motions turns on the question of whether the Illinois statute of limitations bars the Foreclosure Action. We understand that this question is already pending before the Circuit Court of Cook County, Illinois in the parallel foreclosure proceedings. (Cmplt. ¶ 34); *The Bank of N.Y. Mellon v. Escarza, et al.*, Case No. 2019-CH-15101.

For the reasons discussed below, we stay this action sua sponte until the Cook County Circuit Court rules on the issue of whether the applicable statute of limitations bars the Foreclosure Action.

## BACKGROUND

This litigation stems from a mortgage foreclosure action that was filed by Defendants against Plaintiff in the Circuit Court of Cook County, Illinois on December 31, 2019 (the "Foreclosure Action"). (Cmplt. ¶¶ 1, 20.) Plaintiff alleges that the applicable Illinois statute of limitations bars the Foreclosure Action because the Foreclosure Action was filed more than ten years after Defendant had first missed a payment on his debt. (Cmplt. ¶¶ 24–27.) Plaintiff claims that by filing an action to recover debt that is barred by law and by representing that they were entitled to collect upon such debt, Defendants violated the FDCPA. (Cmplt. ¶¶ 1, 42–45.) Defendants disagree, arguing that the ten-year statute of limitations began to accrue when they accelerated the debt, not when Plaintiff first missed a payment. (*See* Memorandum of Law in Support of the Motion to Dismiss Plaintiff's Complaint ("McCalla Memorandum") (Dkt. No. 10) at 2–7; Defendants BONY and SLS's Motion to Dismiss the Complaint ("BONY and SLS MTD") (Dkt. No. 24) at 3–9.) In Defendants' view, the Foreclosure Action was timely. (*See* McCalla Memorandum at 7; BONY and SLS MTD at 8–9.) To resolve this dispute, we must determine whether the statute of limitations began to accrue on the date of the first missed payment or on the date the debt was accelerated.

Prior to filing the instant suit, Plaintiff raised the statute of limitations issue in a motion to dismiss filed in the Foreclosure Action. (Cmplt. ¶ 34.) However, to our knowledge, the Circuit Court of Cook County has not yet issued an opinion on this issue.

## LEGAL STANDARD

"[A] federal court may stay a suit in exceptional circumstances when there is a concurrent state proceeding and the stay would promote 'wise judicial administration.'" *Clark v. Lacy, et al.*, 376 F.3d 682, 685 (7th Cir. 2004) (quoting *Colorado River Water Conservation Dist., et al. v. United States, et al.*, 424 U.S. 800, 818 (1976)). To determine whether such a stay is appropriate, courts must conduct a two-part analysis. *Ingalls v. AES Corp.*, 311 Fed. App'x 911, 914 (7th Cir. 2008).

First, courts must consider whether the state and federal actions are parallel. *Id*. Proceedings are parallel if "substantially the same parties are litigating substantially the same issues simultaneously in two fora." *Schneider Nat'l Carriers, Inc. v. Carr*, 903 F.2d 1154, 1156 (7th Cir. 1990). "To meet the 'parallel' requirement, suits need not be identical." *Clark*, 376 F.3d at 686.

Second, courts must consider a series of non-exclusive factors that might give rise to an "exceptional circumstance" that would justify a stay:

> (1) whether the state has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) the source of governing law, state or federal; (6) the adequacy of state-court action to protect the federal plaintiff's rights; (7) the relative progress of state and federal proceedings; (8) the presence or absence of concurrent jurisdiction; (9) the availability of removal; and (10) the vexatious or contrived nature of the federal claim.

*Clark*, 376 F.3d at 685. "No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counselling against that exercise is required." *Colorado River*, 424 U.S. at 818–19.

3

Here, it is clear that state and federal proceedings are parallel. Both actions involve substantially similar parties. *See Ingalls*, 311 Fed. App'x at 914 (observing that state and federal proceedings were parallel where the parties overlapped in both proceedings). The plaintiff in this case is a defendant in the Foreclosure Action[1]; one of the defendants in this case (BONY) is the named plaintiff in the Foreclosure Action. (*See* Cmplt. at Ex. 2.) Plaintiff alleges that the Foreclosure Action was also brought on behalf of SLS, who acted as the loan servicer for BONY. (*See* Cmplt. ¶¶ 6, 20.) The remaining defendant in this case (McCalla) is the firm that filed the Foreclosure Action. (*See* Cmplt. at Ex. 2.)

The parties do not pursue the same claims in both cases, but both cases concern the same operative facts, and a preliminary question common to each is whether the Illinois statute of limitations bars the Foreclosure Action. (*See, e.g.*, Cmplt. ¶¶ 42–45 (alleging that Defendants violated various provisions of the FDCPA by filing a foreclosure action that was barred by the statute of limitations), ¶ 34 (stating that Plaintiff filed a motion to dismiss the Foreclosure Action on the basis that it was barred by the Illinois statute of limitations).) This, too, supports a finding that the actions are parallel. *See Ingalls*, 311 Fed. App'x at 914 (finding that state and federal proceedings parallel where they arose "out of the same facts" and raised "similar factual and legal issues"); *see also Clark*, 376 F.3d at 686–87 (agreeing that actions were parallel and that a stay was appropriate where parallel actions were "all predicated on the same showing of a breach of fiduciary duty").

The multi-factor test also supports the imposition of a stay. The Foreclosure Action was filed before this action, and the preliminary question common to each—whether the Illinois

---

[1] The other named defendants are The 2454 West Foster Condominium Association and "Unknown Owners and Non-Record Claimants." (*See* Cmplt. at Ex. 2.) The plaintiff in this case is the only defendant who signed the operative loan documents.

4

statute of limitations bars the Foreclosure Action—was also put before the Circuit Court of Cook County before this case was filed. *See Ingalls*, 311 Fed. App'x at 915 (affirming the imposition of a stay where a state court had obtained jurisdiction earlier than the federal court and had made more progress on substantive issues); *see also Cramblett v. Midwest Sperm Bank, LLC*, 230 F. Supp. 3d 865, 871 (N. D. Ill. 2017) (the fact that a state suit had been filed prior to the parallel federal action weighed in favor of a stay).

Additionally, since the statute of limitations question concerns an interpretation of Illinois state, rather than federal, law, it would be appropriate for us to defer to the state court's holding. *See Clark*, 376 F.3d at 687–88; *Day, et al. v. Union Mines, Inc.*, 862 F.2d 652, 660 (7th Cir. 1988) ("[A] state court's expertise in applying its own law favors a *Colorado River* stay.") Thus, the state court is better situated to render a decision on this issue.

Further, a stay pending the Circuit Court of Cook County's decision on the statute of limitations issue would avoid conflicting rulings, preserve judicial resources, and facilitate our resolution of the FDCPA claim. *See Clark*, 376 F.3d at 687 (agreeing that a stay would be appropriate where it would "save judicial resources" and "protect against the danger of the two proceedings reaching inconsistent results"); *Cramblett*, 230 F. Supp. 3d at 871 (imposing a stay where parallel state and federal proceedings might "result not only in duplicative proceedings … but also in the risk of inconsistent rulings"). Plaintiff's FDCPA claim is predicated upon the notion that the Foreclosure Action was barred by the statute of limitations. A determination by the state court that the statute of limitations either does or does not bar the Foreclosure Action would aid this court in determining whether to grant or deny Defendants' motions to dismiss.

This stay is for a limited purpose and should not delay this litigation substantially. Once the parties inform us that the state court has issued an opinion on the statute of limitations issue,

we will lift the stay and issue an opinion on Defendants' motions to dismiss. Accordingly, we do not anticipate that the stay will prejudice any of the parties.

In our view, the remaining factors do not weigh heavily either for or against the limited stay that we impose here.

## CONCLUSION

For the reasons set forth above, we stay the action sua sponte, pending a decision by the Cook County Circuit Court on the issue of whether the applicable statute of limitations bars the Foreclosure Action. The parties are directed to file a joint status report to advise us when the Circuit Court of Cook County issues an opinion related to that issue. It is so ordered.

_Marvin E. Aspen_
Honorable Marvin E. Aspen
United States District Judge

Dated: October 13, 2020
Chicago, Illinois