### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| CARLOS ESCARZA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20 CV 02341 |
| | ) | Hon. Marvin E. Aspen |
| THE BANK OF NEW YORK MELLON | ) | |
| f/k/a The Bank of New York, as Trustee for | ) | |
| CWHEQ Inc., Home Equity Loan Asset | ) | |
| Backed Certificates, Series 2006-S10; | ) | |
| SPECIALIZED LOAN SERVICING LLC; | ) | |
| and McCALLA RAYMER LEIBERT | ) | |
| PIERCE, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM OPINION & ORDER

MARVIN E. ASPEN, District Judge:

Plaintiff Carlos Escarza ("Plaintiff") filed a single-count complaint against The Bank of New York Mellon, f/k/a The Bank of New York, as Trustee for CWHEQ Inc., Home Equity Loan Asset Backed Certificates, Series 2006-S10 ("BONY"), Specialized Loan Servicing LLC ("SLS"), and McCalla Raymer Leibert Pierce, LLC ("McCalla"; collectively, "Defendants"), alleging that they violated the Fair Debt Collection Practices Act ("FDCPA"). Plaintiff's theory is that Defendants violated the FDCPA because they filed a foreclosure action against him (the "Foreclosure Action") that was barred by Illinois's statute of limitations. (Complaint ("Compl.") (Dkt. No. 1) ¶¶ 40–47.) Before us are Defendants' motions to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). (McCalla Raymer Leibert Pierce, LLC's Motion to Dismiss Plaintiff's Complaint ("McCalla Motion to Dismiss") (Dkt. No. 9); (Defendants The Bank of New York

Mellon's and Specialized Loan Servicing, LLC's Motion to Dismiss the Complaint ("BONY and SLS Motion to Dismiss") (Dkt. No. 24).)  For the reasons set forth below, we dismiss Plaintiff's Complaint.

## BACKGROUND

The following facts are taken from Plaintiff's Complaint and are deemed to be true for the purposes of this motion.  *See Bell v. City of Chi.*, 835 F.3d 736, 738 (7th Cir. 2016); *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

Plaintiff owns a home located at 2454 West Foster Ave., Unit 1W, Chicago, Illinois 60625 (the "Home").  (Compl. ¶ 2.)  On November 30, 2006, Plaintiff "borrowed money and executed a note in the amount of $77,033.00 payable to Countrywide Bank, N.A. (the 'Note')" to cover certain "personal, family, and household" expenses.  (*Id.* ¶ 3.)  The Note was secured by a mortgage lien on the Home ("Mortgage"; together, with the Note, the "Loan").  (*Id.*)

Plaintiff encountered financial difficulties and, as a result, ceased making payments on the Loan by November 1, 2009.  (*Id.* ¶ 18.)  More than ten years later, on December 31, 2019, McCalla filed a Complaint to Foreclose Mortgage ("Foreclosure Complaint") against Plaintiff in the Circuit Court of Cook County, Illinois, on behalf of BONY and SLS.  (*Id.* ¶ 20.)  BONY owns the Loan, and SLS serviced the Loan on BONY's behalf.  (*Id.* ¶¶ 5–6.)

In the Foreclosure Complaint, Defendants alleged that the Loan has been in default since November 2009 and seek to collect the Loan through foreclosure and sale of the Home at public auction.  (*Id.* at ¶¶ 21–22.)

When Plaintiff was served with the Foreclosure Complaint, he "suffered great emotional distress," "became angry," and "was constantly frustrated" because he knew that more than ten years had passed, and BONY and SLS could no longer collect on the Loan. (*Id*. ¶ 28.) He was embarrassed that the Foreclosure Complaint had been filed on the public record and "feared that his family, neighbors, friends and colleagues at work would learn of the filing and hold him in low esteem." (*Id*. ¶ 29.) Plaintiff "suffered many sleepless nights, became agitated, could not focus on work and could not enjoy the normal comforts of life and his Home." (*Id*. ¶ 31.)

Plaintiff retained counsel to represent him in the Foreclosure Action and paid counsel a flat fee of $4,750.00 to represent him. (*Id*. ¶ 35.) He also incurred filing fees and attorney's fees in connection with the instant action. (*Id*. ¶ 36.) Plaintiff had to take time off work and incurred travel expenses to attend to both matters. (*Id*. ¶ 38.)

As a result of Defendants' conduct, Plaintiff has remained in foreclosure, which has caused damage to his credit and has unnecessarily delayed his efforts to rehabilitate his credit. (*Id*. ¶ 37.)

## LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is meant to test the sufficiency of the complaint, not to decide the merits of the case. *McReynolds v. Merrill Lynch & Co, Inc.*, 694 F.3d 873, 878 (7th Cir. 2012); *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). In evaluating a motion to dismiss, courts "construe the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in her favor." *Tamayo*, 526 F.3d at 1081. Courts may grant motions to dismiss under Rule 12(b)(6) only if a complaint lacks sufficient facts to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009)

3

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. Although a facially plausible complaint need not provide "detailed factual allegations," it must allege facts sufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964–65. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. These requirements ensure that the defendant receives "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964 (internal quotation marks and citation omitted).

## ANALYSIS

The present dispute turns on one issue: whether the Illinois statute of limitations bars collection of the Loan, such that the filing of the Foreclosure Complaint, and the representations made therein, violate the FDCPA. (*See* Compl. ¶¶ 40–47.)

Before filing the instant suit, Plaintiff raised the statute of limitations issue in a motion to dismiss the Foreclosure Complaint in state court. (Compl. ¶ 34.) We stayed this action until the Cook County Circuit Court ruled on that motion. *Escarza v. Bank of New York Mellon*, Case No. 1:20 CV 02341, 2020 WL 6044298, at *1 (N.D. Ill. Oct. 13, 2020). The Cook County Circuit Court held that Illinois's statute of limitations does not bar the Foreclosure Action and denied Plaintiff's motion to dismiss. *Bank of New York Mellon v. Escarza*, Case No. 19 CH 15101 (Cir. Ct. Cook County, Sept. 21, 2020).

"'[F]ederal courts are bound to state court precedents in interpreting state law.'" *Totty v. Anderson Funeral Home, Ltd.*, 448 F. Supp. 3d 928, 934 (N.D. Ill. 2020) (quoting *L.S. Heath &*

*Son, Inc. v. AT & T Info. Sys.*, 9 F.3d 561, 574 (7th Cir. 1993) (internal citation omitted)). As the Seventh Circuit Court of Appeals has explained:

> We must defer to a state court's interpretation of the state's statute. In the absence of a decision by the highest court, . . . [d]ecisions of intermediate appellate state courts generally control unless there are persuasive indications that the highest state court would decide the issue differently.

*Laborerers' Pension Fund v. Miscevic*, 880 F.3d 927, 934 (7th Cir. 2018) (internal quotation marks and citations omitted). Although federal courts are not legally bound to follow state trial court verdicts, the Cook County Circuit Court's decision in *Escarza*, Case No. 19 CH 15101, is persuasive precedent in this case because that dispute involves substantially similar parties,[1] the same facts, and a common legal issue. *See Stauffer v. Innovative Heights Fairview Heights, LLC*, Case No. 3:20-CV-00046-MAB, 2020 WL 4815960, at *11 (S.D. Ill. Aug. 19, 2020) (observing that non-binding state court decisions are "instructive for how state courts interpret . . . state law").

In that case, parties to this action litigated the question of whether the statute of limitations bars the Foreclosure Action. After considering their arguments, the Cook County Circuit Court found that Illinois's statute of limitations does not bar the Foreclosure Action. *Escarza*, Case No. 19 CH 15101. There is no reason to believe that the Illinois Supreme Court would reach a different result. Accordingly, we adopt the Circuit Court of Cook County's finding that the Illinois statute of limitations does not bar the Foreclosure Action.

Since the Foreclosure Action is not barred by the Illinois statute of limitations, and Plaintiff's FDCPA claim is predicated on the theory that the action is barred by it, Plaintiff's suit is dismissed.

---

[1] The plaintiff in this case is a defendant in the Foreclosure Action, and one of the defendants in this case (BONY) is the named plaintiff in the Foreclosure Action. (Compl. at Ex. 2.)

5

**CONCLUSION**

For the reasons set forth above, we grant Defendants' motions to dismiss with prejudice.

(Dkt. Nos. 9, 24.) It is so ordered.


_Marvin E. Aspen_

Honorable Marvin E. Aspen
United States District Judge

Dated: December 11, 2020
        Chicago, Illinois